## WILLIAM G. HARVEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4893. Promulgated April 8, 1946.

*Frederick W. Fuess, Jr., Esq.*, and *Floyd R. Gilfoil, C. P. A.*, for the petitioner.

*Bernard J. Long, Esq.*, for the respondent.

654

OPINION.

Opper, *Judge*: Factually this case follows the now familiar pattern of family partnerships, and is in many respects similar to *Commissioner* v. *Tower*, 327 U. S. 280, and *Lusthaus* v. *Commissioner*, 327 U. S. 293, recently decided by the Supreme Court in favor of respondent's position. . Petitioner's case is even more vulnerable than some by reason of the peculiar personal factor in the earning of the income in question. *Earp* v. *Jones* (C. C. A., 10th Cir.), 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764; *M. M. Argo*, 3 T. C. 1120; affd. (C. C. A., 5th Cir.), 150 Fed. (2d) 67; certiorari denied, 326 U. S. 762, and see *Lucas* v. *Earl*, 281 U. S. 111. The professional qualifications, and the personal service and contacts, attributable entirely to petitioner individually, were apparently responsible for the production of substantially all of the income. The value of the actual services of the son, if any, is not shown. The interest of the partnership business in having him attend school and work for Sperry, as distinguished from the satisfaction of petitioner as father in the preparation of his son for a business career, is not persuasive. It would be a departure from reality to regard either as having justified his participation in partnership profits. No value has been, or perhaps could be, established for the contribution of services by the wife.

Capital was no major factor in the production of income in this personal service business. Patently as to the son, there was no reality in at least two-thirds of his meager capital contribution, which was furnished for this purpose by petitioner, and the wife had already made it clear that her financial resources were available to the business. As was said in *Commissioner* v. *Tower*, *supra*, "No capital not available for use in the business before was brought into the business as a result of the formation of the partnership." Such of the income as found its way into the hands of the wife and son from the partnership was used for expenses usually borne from the husband's income. The conduct of the business before and after the May 28, 1941, agreement is without substantial difference. No other changes of a material nature were wrought by the agreement. *W. M. Mauldin*, 5 T. C. 743.

We think that on the present record it can not be said that "the partners really and truly intended to join together for the purpose of carrying on business and sharing in the profits and losses or both."[1] The circumstances surrounding the formation and operation of this partnership require that its income be taxed to petitioner. *Commissioner* v. *Tower, supra; Lusthaus* v. *Commissioner, supra.*

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[1] *Commissioner* v. *Tower,* 327 U. S. 280.